**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-001-MOC-DCK**

| | |
|---|---|
| SHARON T. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| STATE OF NORTH CAROLINA, | ) **AND ORDER** |
| MECKLENBURG COUNTY | ) |
| GOVERNMENT, MECKLENBURG | ) |
| COUNTY DEPARTMENT OF SOCIAL | ) |
| SERVICES, MECKLENBURG | ) |
| COUNTY DEPARTMENT OF HUMAN | ) |
| RESOURCES, MECKLENBURG | ) |
| COUNTY PUBLIC LIBRARY and | ) |
| MECKLENBURG COUNTY OF | ) |
| MENTAL HEALTH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion For Leave To Amend Complaint By Plaintiff" (Document No. 11) filed *pro se* on January 28, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the "Motion For Leave To Amend Complaint By Plaintiff" (Document No. 11), and <u>deny as moot</u> Plaintiff's "Motion and Notice for Extension to Submit…" (Document No. 8). The undersigned will also respectfully recommend that the "Motion To Dismiss" filed by the Mecklenburg County Defendants (Document No. 2) and the "Defendant State of North Carolina's Motion To Dismiss…" (Document No. 5) be <u>denied as moot</u>.

## BACKGROUND

The "Complaint" (Document No. 1) was filed by the *pro se* Plaintiff in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on November 26, 2012. Defendants removed the action to this Court on January 2 and 3, 2013 (Document No. 1 and 4). Plaintiff now seeks to amend the Complaint in order to clarify claims set out in the original Complaint (Document No. 11).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1) (emphasis added). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008), (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); and see, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It appears that there has been no initial attorney's conference and that no discovery has taken place thus far. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. After careful consideration of the record and the motions, the undersigned finds that Plaintiff's motion to amend should be granted; however, barring extraordinary circumstances, further amendments to the complaint are unlikely to be allowed.

Therefore, because the undersigned will order Plaintiff to file an Amended Complaint which will supersede the original Complaint, the undersigned will respectfully recommend that the "Motion To Dismiss" filed by the Mecklenburg County Defendants (Document No. 2) and the "Defendant State of North Carolina's Motion To Dismiss…" (Document No. 5) be denied as moot. These recommendations are without prejudice to Defendants filing renewed motions to dismiss the Amended Complaint, if appropriate.

It is well-settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been

amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc., 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Motion For Leave To Amend Complaint By Plaintiff" (Document No. 11) is **GRANTED**. Plaintiff shall file an Amended Complaint on or before **February 14, 2013**[1].

**IT IS FURTHER ORDERED** that the Plaintiff's "Motion and Notice for Extension to Submit…" (Document No. 8) is **DENIED AS MOOT**.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned also respectfully recommends that the "Motion To Dismiss" filed by the Mecklenburg County Defendants (Document No. 2) and the "Defendant State of North Carolina's Motion To Dismiss…" (Document No. 5) be **DENIED AS MOOT**.

**IT IS SO ORDERED AND RECOMMENDED.**

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

4

**TIME FOR OBJECTIONS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

Signed: January 31, 2013

David C. Keesler
United States Magistrate Judge