## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.  3:13-CV-001-MOC-DCK

| | | |
|---|---|---|
| SHARON T. THOMAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| STATE OF NORTH CAROLINA, | ) | **AND ORDER** |
| MECKLENBURG COUNTY | ) | |
| GOVERNMENT, MECKLENBURG | ) | |
| COUNTY DEPARTMENT OF SOCIAL | ) | |
| SERVICES, MECKLENBURG | ) | |
| COUNTY DEPARTMENT OF HUMAN | ) | |
| RESOURCES, MECKLENBURG | ) | |
| COUNTY PUBLIC LIBRARY, | ) | |
| MECKLENBURG COUNTY OF | ) | |
| MENTAL HEALTH, LAURA OLSON, | ) | |
| HARRY JONES, CHRIS PEAK, RENEA | ) | |
| T. BARBER, and | ) | |
| JANEL FARRINGTON | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

THIS MATTER IS BEFORE THE COURT on *pro se* Plaintiff's "Motion For Extension Of Time To Serve Amended Complaint" (Document No. 21) filed March 8, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the "Motion For Extension Of Time To Serve Amended Complaint" (Document No. 21).  The undersigned will also respectfully recommend that "Defendant State of North Carolina's Renewal Of Original Motion To Dismiss" (Document No. 14) and the Mecklenburg County Defendants' "Renewed Motion To Dismiss" (Document No. 17) be denied as moot.

On February 1, 2013, the undersigned granted the "Motion For Leave To Amend Complaint By Plaintiff" (Document No. 11) and specifically ordered that Plaintiff file her Amended Complaint on or before February 14, 2013. (Document No. 12, p.4). After Plaintiff failed to timely file her Amended Complaint, Defendant State of North Carolina and the Mecklenburg County Defendants properly renewed their previous motions to dismiss which had been denied as moot. See (Document Nos. 14, 16, and 17).

On March 8, 2013, Plaintiff belatedly filed her "Amended Complaint" (Document No. 19), as well as the instant request for the Court "to be lenient and accept the amended complaint." (Document No. 21). Based on Plaintiff's *pro se* status, the undersigned will allow the instant request; however, Plaintiff is advised that further leniency should not be expected in this matter. As this Court has previously noticed, Plaintiff has filed numerous lawsuits with this Court and should be very familiar with its rules and procedures.

Therefore, because the undersigned will allow Plaintiff's "Amended Complaint" which will supersede the original Complaint, the undersigned will respectfully recommend that the "Defendant State of North Carolina's Renewal Of Original Motion To Dismiss" (Document No. 14) and the Mecklenburg County Defendants' "Renewed Motion To Dismiss" (Document No. 17) be denied as moot. These recommendations are without prejudice to Defendants filing renewed motions to dismiss the Amended Complaint, if appropriate.

It is well-settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule .... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590,

614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); <u>Turner v. Kight</u>, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); <u>Brown v. Sikora and Associates, Inc</u>., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and <u>Atlantic Skanska, Inc</u>., 3:07-CV-266-FDW, 2007 WL 3224985 at \*4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion For Extension Of Time To Serve Amended Complaint" (Document No. 21) is **GRANTED**.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant State of North Carolina's Renewal Of Original Motion To Dismiss" (Document No. 14) and the Mecklenburg County Defendants' "Renewed Motion To Dismiss" (Document No. 17) be **DENIED AS MOOT**.

**IT IS SO ORDERED AND RECOMMENDED.**

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum

and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

Signed: March 12, 2013

David C. Keesler
United States Magistrate Judge