**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-001-MOC-DCK**

| | | |
|---|---|---|
| SHARON T. THOMAS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| STATE OF NORTH CAROLINA, | ) | |
| MECKLENBURG COUNTY | ) | |
| GOVERNMENT, MECKLENBURG | ) | |
| COUNTY DEPARTMENT OF SOCIAL | ) | |
| SERVICES, MECKLENBURG | ) | |
| COUNTY DEPARTMENT OF HUMAN | ) | |
| RESOURCES, MECKLENBURG | ) | |
| COUNTY PUBLIC LIBRARY, | ) | |
| MECKLENBURG COUNTY OF | ) | |
| MENTAL HEALTH, LAURA OLSON, | ) | |
| HARRY JONES, CHRIS PEAK, RENEA | ) | |
| T. BARBER, and | ) | |
| JANEL FARRINGTON | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants State Of North Carolina And Attorney General's Motion To Dismiss Amended Complaint" (Document No. 23) and the Mecklenburg County Defendants' "Motion To Dismiss Amended Complaint" (Document No. 25). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motions be granted.

**BACKGROUND**

*Pro se* Plaintiff Sharon Thomas ("Plaintiff" or "Thomas") initiated this action with the filing of a "Complaint" in the Superior Court of Mecklenburg County on November 26, 2012. (Document No. 1-2). The Mecklenburg County Defendants' "Notice Of Removal" (Document No. 1) and "Defendant State Of North Carolina's Notice Of Removal" (Document No. 4) were filed with this Court on January 2-3, 2013. Also on those dates Defendants' first motions to dismiss were filed. (Document Nos. 2 and 5).

On January 4, 2013, the undersigned issued a Roseboro Notice advising Plaintiff that she had a right to respond to the motions to dismiss, and that "[f]ailure to file timely and persuasive responses will likely lead to the dismissal of this lawsuit." (Document No. 7). The undersigned also observed "that Plaintiff has filed several lawsuits in recent years either with this Court or that were removed to this Court," including against the State of North Carolina, and therefore concluded that Plaintiff is "well-acquainted with the standard of review to maintain an action in this Court." Id.

On February 1, 2013, the undersigned granted the "Motion For Leave To Amend Complaint By Plaintiff" (Document No. 11) and specifically ordered that Plaintiff file her Amended Complaint on or before February 14, 2013. (Document No. 12, p.4). After Plaintiff failed to timely file her Amended Complaint, on February 26, 2013, Defendant State of North Carolina and the Mecklenburg County Defendants properly renewed their previous motions to dismiss which had been denied as moot. See (Document Nos. 14, 16, and 17).

On March 8, 2013, Plaintiff belatedly filed her "Amended Complaint" (Document No. 19), as well as a request for the Court "to be lenient and accept the amended complaint." (Document No. 21). Based on Plaintiff's *pro se* status, the undersigned allowed the request, but "advised that further leniency should not be expected in this matter." (Document No. 22). The

undersigned further noted that "Plaintiff has filed numerous lawsuits with this Court and should be very familiar with its rules and procedures." Id. In conjunction with granting Plaintiff's "Motion For Extension Of Time To Serve Amended Complaint" (Document No. 21), the undersigned recommended that Defendants' renewed motions to dismiss (Document Nos. 14 and 17) be denied as moot.

On March 21-22, 2013, Defendants' filed their third motions to dismiss. (Document Nos. 23 and 25). On March 22, 2013, the undersigned *sua sponte* issued another Roseboro Notice advising Plaintiff that she had until April 8, 2013 to file a response to "Defendants' State Of North Carolina And Attorney General's Motion To Dismiss Amended Complaint" (Document No. 23), and again reminding her that "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." (Document No. 27). To date, Plaintiff has failed to file a response to either pending motion to dismiss and the time to do so has lapsed.

**DISCUSSION**

Plaintiff has been advised twice in this lawsuit, as well as in other lawsuits currently pending before this Court, that her failure to file timely and persuasive responses to pending motions to dismiss will likely lead to the dismissal of her lawsuit(s). Moreover, the Court's abundant consideration of Plaintiff's *pro se* status has resulted in multiple amendments to the Complaint, and subsequently three rounds of motions to dismiss.

Based on Plaintiff's failure to timely respond to the pending motions to dismiss and her failure to abide by the orders of this Court, as well as the apparently sound reasoning of the Defendants' arguments for dismissal, the undersigned will recommend that the pending motions to dismiss be granted.

**RECOMMENDATION**

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants State Of North Carolina And Attorney General's Motion To Dismiss Amended Complaint" (Document No. 23) and the Mecklenburg County Defendants' "Motion To Dismiss Amended Complaint" (Document No. 25) be **GRANTED**.

**TIME FOR OBJECTIONS**

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED.**

Signed: April 10, 2013

David C. Keesler
United States Magistrate Judge