UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00001-MOC-DCK

| | | |
|---|---|---|
| **SHARON T. THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **STATE OF NORTH CAROLINA,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed by plaintiff.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

As documented by the magistrate judge in his Memorandum and Recommendation, plaintiff has been afforded a previous opportunity to amend her complaint to allege cognizable claims. Despite such allowance, plaintiff's Amended Complaint did not cure prior pleading deficiencies and resulted in defendants filing another round of motions to dismiss. As he had before, the magistrate judge sent plaintiff a Roseboro Order outlining plaintiff's opportunity to file a response. Plaintiff failed to file a response and the magistrate judge entered a recommendation that the Amended Complaint be dismissed. Within the time allowed for objections, plaintiff filed a "Reply and Objection to Motion[s] to Dismiss" (#30). In that pleading, plaintiff fails to explain why she was unable to respond within the time allowed, but states in a conclusory fashion that "she was discriminated [against] and denied an[] equal employment opportunity in her amended complaint" without citation to any factual contentions that would support such conclusion. Reply (#30) at 2. Plaintiff then goes on and outlines additional charges she has filed with the EEOC since she has amended her complaint. This court has carefully reviewed the Amended Complaint in a light most favorable to plaintiff and cannot find that she has made sufficient plausible allegations of fact to support the seven causes of action she has attempted to allege.

Even if the court were to consider plaintiff's Reply and Objections to be a timely

filed response to the motions to dismiss, she has not addressed or overcome the Rule 12(b)(1), 12(b)(2), and 12(b)(6) concerns raised by defendants in their motions. First, none of the named individual defendants can be sued under Title VII, the ADA or the ADEA because they were not named in the EEOC charge and there is no individual liability under any of the federal employment claims asserted in the Amended Complaint. Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998). Second, this court lacks subject matter jurisdiction over the Title VII, ADEA and ADA claims because they exceed the scope of plaintiffs EEOC Charge. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Third, as to the state-law causes of action, plaintiff fails to plead sufficient facts to make any supplemental claim that is "plausible on its face," but instead relies on her own conclusions or assumptions that she was not hired for discriminatory reasons. Khalik v. United Air Line, 671 F.3d 1188, 1193 (10th Cir. 2012). Conclusions unsupported by plausible allegations of fact are insufficient to withstand a motion to dismiss. Ashcraft v. Iqbal, 556 U.S. 662 (2009).

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith as well as for the additional reasons outlined herein and more fully discussed in defendants' motions to dismiss and supporting memoranda of law.

Finally, defendants have asked that such dismissal be with prejudice. Rule 41(b), Fed.R.Civ.P., provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found,

> [d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011). In Costello v. United States, 365 U.S. 265 (1961), the Court addressed a district court's dismissal order that failed to specify whether it was made with or without prejudice. The Court explained that under the common law "dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim." Id. at 285 ("If the first suit was dismissed for ... the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."). While there is no contention of misconduct by plaintiff, the court notes a recent flurry of cases removed to this court by defendants plaintiff has sued in state court. See Thomas v. Goodwill, 3:13cv5 (W.D.N.C. 2013); Thomas v. Inreach, 3:13cv7 (W.D.N.C. 2013). While the actions before the undersigned appear to be without plausible factual foundation, the court cannot say that plaintiff has engaged in misconduct and will not sanction plaintiff by making any jurisdictional dismissal with prejudice. Because this

4

court lacks jurisdiction over all of the federal claims under Rules 12(b)(1) and 12(b)(2), the court has not reached the Rule 12(b)(6) motion as to these claims. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1217 (10th Cir. 2006)("once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits of the underlying claim.")(citations omitted). The state-law causes of action will be dismissed with prejudice as it appears that even after amendment, plaintiff is unable to plead facts sufficient facts to state a claim for relief. Rollins v. Wackenhut Services, Inc., 703 F.3d 122, 131 (D.C. Cir. 2012).

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#30) are **OVERRULED,** the Memorandum and Recommendation (#29) is **AFFIRMED,** defendants' Motions to Dismiss (#23 & #25) are **GRANTED,** and plaintiff's federal claims are **DISMISSED** without prejudice for lack of jurisdiction and her state-law claims are **DISMISSED** with prejudice under Rule 12(b)(6), and this action is terminated**.**

Signed: May 10, 2013

Max O. Cogburn Jr.
United States District Judge